UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------X
ARTHUR MCCALLUM

                              Plaintiff,          CIVIL ACTION NO.:
                                                      Docket # BER-L-2979-17

     -against-

PROACTIVE LIGHTING SOLUTIONS LLC, GREEN RG
MANAGEMNT, ALFRED HEYER, INDIVIDUALLY AND
IN HIS OFFICAL CAPACITY, AND CHRISTOPHER MYERS,
INDIVIDUALLY AND IN HIS OFFICAL CAPACITY, JOHN
DOES 1-10 AND XYZ CORP. 1-10

                              Defendants.

------------------------------------------------X

## NOTICE OF REMOVAL OF BERGEN COUNTY SUPERIOR COURT ACTION AND NOTICE OF JURY CLAIM

**TO:**     THE CLERK OF THE UNITED STATES DISTRICT COURT, DISTRICT OF NEW JERSEY;

        THE HONORABLE ROBERT D. DRAIN, UNITED STATES BANKRUPTCY JUDGE;

        THE CLERK OF THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK;

        THE HONORABLE ROBERT POLIFRONI, PRESIDING JUDGE OF THE SUPERIOR COURT FOR BERGEN COUNTY;

        THE CLERK OF SUPERIOR COURT FOR BERGEN COUNTY;

        AND ALL PARTIES IN THE SUPERIOR COURT CIVIL ACTION[S] HEREBY REMOVED:

        **PLEASE TAKE NOTICE THAT** PROACTIVE LIGHTING SOLUTIONS LLC., the debtor and debtor in possession in a case under Chapter 11 of Title 11 of the United States Code

numbered 19-23116 (RDD) pending before the Southern District of New York, Bankruptcy Court, White Plains Division (the "**Debtor**" or "**Defendant**")), by its New Jersey litigation counsel, Mark Carter, Esq., hereby submits this Notice of Removal, pursuant to 28 U.S.C. §§ 157(a) and 1452(a) and in accordance with Rule 9027 of the Federal Rules of Bankruptcy Procedure, and removing the following case from the New Jersey State Superior Court, Bergen County: Arthur *McCallum v. Proactive Lighting Solutions LLC, Green RG Management, Alfred Heyer, individually and in his official capacity, and Christopher Myers, individually and in his official capacity, john does 1-10, and xyz corp. 1-10,* Docket No. L-2979-17 ("**Superior Court Action**"). Arthur McCallum is referred to herein as "**Plaintiff**". Bankruptcy Counsel for the Debtor is Bronson Law Offices, P.C. who is responsible for all general bankruptcy matters in relation to the Debtor.

**PLEASE TAKE FURTHER NOTICE THAT** the Debtor seeks referral from this Court to the Bankruptcy Court pursuant to 28 U.S.C. § 157(a) and the "Amended Standing Order of Reference" dated September 18, 2012 of the Hon. Jerome B. Simandle, Chief Judge of the United States District Court for the District of New Jersey.

In support of removal, the Debtor respectfully represents as follows:

1.      On or about June 3, 2019 (the "**Petition Date**"), the Debtor filed for relief under Chapter 7 under of Title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "**Bankruptcy Code**") (the "Chapter 7 Case"). The Chapter 7 Case was converted to Chapter 11 on November 25, 2019 is pending before the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), under case number: 19-23116 (RDD). Since conversion, the Debtor has continued as debtor and debtor in possession pursuant to Sections 1107(a) and 1108 of

the Bankruptcy Code. No trustee has been appointed and no committees of creditors has been formed to date.

2. The Debtor was in the business of designing manufacturing and selling commercial lighting fixtures, sensors and bulbs. The Debtor was in business from approximately 2007 to 2016 when the Debtor's investors refused to fund the company in accordance with their agreement. Because such funding was not received, the Debtor couldn't meet its financial obligations. The Plaintiff of the action to be removed was thrust upon Debtor as a term of providing funding. The Plaintiff also worked for Emerging Market Partners, LLC, the entity that was to provide the financing.

3. On April 27, 2017, Plaintiff filed a complaint in the Superior Court of Bergen County captioned *Arthur McCallum v. Proactive Lighting Solutions, LLC*, Docket No. L-2979-17 (the "**Complaint**").

4. The Complaint states that "McCallum was responsible for the overall development of sales processes, construction and maintenance of [Debtor's] website, oversight of finance, technical auditing, and preparation of energy sales marketing materials and bid proposals."

5. The Complaint further alleges that the defendant Chris Myers was hired as the Chief Operating Officer and Myers became Plaintiff's immediate supervisor.

6. Plaintiff claims that he was not paid wages and/or reimbursed for expenses for a period of time and is owed approximately $70,000 in unpaid wages, exclusive of liquidated and other related damages.

7. There are eight counts alleged as follows: (1) violation of the New Jersey Wage and Hour Law, (2) violation of the New Jersey Wage Payment Act, (3) failing to keep records as

required by the Fair Labor Standards Act, (4) retaliation, (5) violation of the New Jersey Conscientious Employee Protection Act ("CEPA"), (6) constructive discharge, (7) Breach of Implied Contract, and (8) promissory estoppel.

8. The Debtor was never properly served and ultimately a judgment was rendered against Debtor; however, no monetary judgment has been issued to date. Debtor believes it can vacate the Judgment or contest the monetary amount of a judgment. The Debtor has invoked the protection of the Bankruptcy Court and desires to address its issues in one forum, the Bankruptcy Court rather than in multiple forums. The Debtor intends to file a separate claim against EMP and the Plaintiff for damages relating to the failure to property fund the Debtor in accordance with agreement to do so.

9. The Superior Court Action, including all claims and causes of action asserted therein, are civil actions other than a proceeding before the United States Tax Court, and they are not a civil action by a government unit to enforce such government unit's police or regulatory power.

10. The instant Superior Court Action, until the filing of this Notice of Removal and the filing of a copy of this Notice of Removal with the Clerk of the Supreme Court for the County of Westchester, was still pending before the Superior Court of New Jersey for the County of Bergen.

11. Removal of the Superior Court Action and the transfer to the Bankruptcy Court is critical for Debtor's chapter 11 bankruptcy. Absent removal and transfer, the Debtor will be forced to litigate substantially similar issues in two different courts. The pendency of actions in two separate courts not only will cause the Debtor to bear increased expenses but may also lead to

inconsistent findings and it will certainly undermine judicial economy.

12. Furthermore, the Debtor seeks removal as of right, pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441.

13. By this notice, the Debtor is removing the instant Superior Court Action to the Federal District Court and requests that the Court refer the action to the Bankruptcy Court in the Southern District of New York, White Plains division pursuant to the "Amended Standing Order of Referral of Cases to Bankruptcy Judges" for the District of New Jersey, dated September 12, 2012.

14. The Bankruptcy Court has jurisdiction over the instant Superior Court action pursuant to 28 U.S.C. § 1334(b) in addition to 28 U.S.C. §§ 1331.

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that the complaint states that the Plaintiff worked in both New Jersey and New York on behalf of the Debtor. Further venue is proper pursuant to 28 U.S.C. § 1409 and 28 U.S.C. § 1452.

16. Removal of the instant Superior Court Action is essential to protect the Debtor's property interest under 11 U.S.C. § 541.

17. The instant Superior Court Action is a civil proceeding related to the Chapter 11 Case. Removal is appropriate because the instant Superior Court Action involves issues relating to assets and liabilities of the Debtor.

18. The Debtor respectfully submits that the instant Superior Court Action is core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O).

19. Upon removal, the Debtor consents to entry of final orders or judgment by the Bankruptcy Court.

20. In accordance with Rule 9027(a)(1) of the Federal Rules of Bankruptcy Procedure, copies of the docket, process and pleadings in the instant Superior Court Action are annexed hereto.

This Notice of Removal is filed within ninety (90) days of the order for relief in the Chapter 11 Case. in accordance with Rule 9027(a)(2) of the Federal Rules of Bankruptcy Procedure.

**NOW THEREFORE**, all parties to the instant Superior Court Action are **HEREBY NOTIFIED**, pursuant to Rule 9027(b) & (e) of the Federal Rules of Bankruptcy Procedure and are further notified pursuant to 28 U.S.C. § 1446 as follows:

Removal of the Superior Court Action and all claims and causes of action therein to the Bankruptcy Court will be effected upon the filing of this Notice of Removal with the Clerk of the Superior Court for Bergen County, pursuant to 28 U.S.C. § 1446, Rule 9027(e) of the Federal Rules of Bankruptcy Procedure. Upon such filing, the parties to the Superior Court Action shall proceed no further in the Superior Court of New York for Bergen County unless and until this action is remanded.

Dated: Harrison. New York
December 2, 2019

Respectfully submitted,

By: _____
Mark Carter, Esq.
79 Main St
Hackensack, NJ 07601
Phone: (201) 487-7666